OPINION
On July 2, 1998, Kathy Robinson, Income Tax Administrator for the City of Zanesville, caused a criminal complaint to be filed against appellant, Frank O. Harvey, Jr., for failure to pay net profit tax. A jury trial was set for September 15, 1998. On said date, the prosecutor moved to dismiss the charge. The trial court granted the motion and dismissed the case. On October 6, 1998, appellant filed a pro se demand for constitutional rights to trial, and by jury be upheld. By entry filed October 7, 1998, the trial court denied said motion finding because the charge was dismissed the issue was moot and there was nothing to try. Appellant filed a pro se appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I WHETHER THE COURT HAD THE ABILITY TO REQUEST THE DEFENDANT TO ENTER A PLEA IN THIS ACTION BEFORE THE PROSECUTION HAD ANSWERED A BILL OF PARTICULARS FILED BY THE DEFENDANT.
IIWHETHER THE COURT HAD THE ABILITY TO REQUEST THE DEFENDANT TO ENTER A PLEA IN THIS ACTION WITHOUT THE PRESENCE OF THE (THE PROSECUTOR).
III WHETHER THE COURT HAD THE ABILITY TO CONDUCT ANY COURT PROCEEDINGS IN THIS ACTION WITHOUT A RECORDING OF THE PROCEEDINGS AS DEMANDED BY THE DEFENDANT.
IV WHETHER THE COURT HAD THE ABILITY TO CONDUCT A PRELIMINARY HEARING WITHOUT FOLLOWING PROCEDURES, IN DETAIL, PURSUANT TO CRIMINAL RULE 5 (A) 1-5.
V WHETHER THE COURT HAD THE ABILITY TO OBTAIN DIRECTION OF THE ACTION FROM THE COMPLAINANT ON BEHALF OF THE PROSECUTOR.
VI WHETHER THE COURT OR THE PROSECUTOR HAD THE ABILITY TO DISMISS THE ACTION, AT THE POINT AND TIME OF OCCURRENCE, WHEN THE DEFENDANT HAD REQUESTED A TRIAL BY JURY BE UPHELD.
VII WHETHER THE COURT OR PROSECUTOR IN THIS ACTION VIOLATED LAW, CIVIL RIGHTS OF THE DEFENDANT, OR ANY OTHER SUBSTANTIAL RIGHTS OF THE DEFENDANT IN EACH OF THE ISSUES 1-6 ABOVE.
 I, II, III, IV, V, VI, VII
Appellant claims the trial court committed several errors prior to trial including dismissing the case even though appellant had requested a trial by jury. The criminal charge filed against appellant was dismissed on September 15, 1998, the date of the scheduled trial. Thereafter, appellant filed a "demand for constitutional rights to trial, and by jury be upheld" on October 6, 1998. By entry filed October 7, 1998, the trial court denied said motion finding "[o]n the day of trial the Prosecutor dismissed the charges, therefore the issue is moot and there is nothing to try." App.R. 12 governs determination and judgment on appeal. Subsection (B) specifically states in pertinent part the following: (B) Judgment as a matter of law When the court of appeals determines that the trial court committed no error prejudicial to the appellant in any of the particulars assigned and argued in the appellant's brief and that the appellee is entitled to have the judgment or final order of the trial court affirmed as a matter of law, the court of appeals shall enter judgment accordingly. * * *
Because the criminal charge against appellant was dismissed, we find no prejudice to appellant. Appellee, the City of Zanesville, is entitled to judgment as a matter of law. Assignments of Error I, II, III, IV, V, VI and VII are denied.
The judgment of the Zanesville Municipal Court of Muskingum County, Ohio is hereby affirmed.
By Farmer J. Gwin, P.J. and Hoffman, J. concur.